IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

COMERICA BANK,                    )
                                  )
               Plaintiff,         )
                                  )
     v.                           )      No. 09 C 3867
                                  )
H.S. S.S. INVESTMENTS, LLC, etc., )
et al.,                           )
                                  )
               Defendants.        )

                       MEMORANDUM ORDER

     Comerica Bank ("Comerica") has filed this action against
H.S. S.S. Investments, LLC, d/b/a WING ZONE ("H.S. S.S.") and
Herbert and Shirley Savage (collectively "Savages"), invoking
federal jurisdiction on diversity of citizenship grounds.
Because that effort is impermissibly flawed, so that Comerica has
failed to carry its burden of establishing subject matter
jurisdiction here, this sua sponte memorandum order dismisses the
Complaint and this action on jurisdictional grounds--but with the
understanding that the present flaw can very likely be cured and
the action can then be reinstated.

     Complaint ¶1 properly identifies the jurisdictional facts as
to Comerica itself, and Complaint ¶3 does the same as to Savages.
But as to H.S. S.S., Complaint ¶2 speaks only of the
jurisdictionally irrelevant factors of its state of formation and
the location of its principal place of business.

     That last set of allegations ignores more than 10 years of
repeated teaching from our Court of Appeals (see, e.g., Cosgrove

v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Comerica's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Comerica and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides missing information that leads to the vacatur of this judgment of dismissal.[1] Because this dismissal is attributable to Comerica's lack of establishment of federal subject matter jurisdiction, by

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.

2

definition it is a dismissal without prejudice.

In that respect, however, it seems quite likely that the H.S. S.S. membership may not include any citizens of Texas, in which event the jurisdictional flaw spoken of here would in fact prove readily curable. In light of that possibility this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

                                                               _____
                                                               Milton I. Shadur
                                                               Senior United States District Judge

Date: July 1, 2009